HERMAN D. BURGHARDT *vs.* CHARLES M. OWEN & another.

An award under the Rev. Sts. *c.* 114 must be returned within the time specified in the submission to a term or session of the court of common pleas, and not merely filed in the clerk's office; and an omission so to return it cannot be waived orally.

MOTION for the acceptance of an award of referees upon an agreement of submission entered into before a justice of the peace on the 17th of June 1857, pursuant to the Rev. Sts. *c.* 114, and providing that the award should be "made and reported within one year from this day to the court of common pleas." The award was made by the arbitrators on the 14th of June 1858, was filed in the clerk's office on the 15th of June 1858, when no court was in session, and addressed by the referees "to the court of common pleas next to be holden at Lenox on the fourth Monday of June 1858," on which day a court was in fact holden.

The defendants objected to the acceptance of the award, on the ground that it was not returned within the time required by law.

The parties agreed that in May or the early part of June 1858, the plaintiff's attorney wrote to the defendant's attorney, who had had the submission ever since it was entered into, requesting him to have a day named for the hearing; that the defendant's attorney thereupon sent the submission to the chairman of the arbitrators, who appointed the 14th of June 1858 for the hearing; that the defendant's attorney, after the day was so named, requested the plaintiff's attorney to have another day named, and proposed a new rule; and that "no objection was made at the hearing, or at any time before the award was opened, nor was anything said, by way of assent or dissent, to the making of the award, on the ground that the award could not be made and returned to court in the time limited by law."

The court of common pleas accepted the award, and the defendant appealed.

*J. E. Field,* for the defendant.

*J. D. Colt,* for the plaintiff. 1. The award, having been filed in the clerk's office within a year, was filed in time. Rev. Sts. c. 114, §§ 1, 5, 7, 9. *Mott* v. *Anthony,* 5 Mass. 489. *Southwoth* v. *Bradford,* 5 Mass. 524. *Walker* v. *Melcher,* 14 Mass. 143. *Skeels* v. *Chickering,* 7 Met. 316.

2. The defendants, having called out the referees, making no objection, cannot now avail themselves of the fact that the award was not seasonably returned. *Fox* v. *Hazelton,* 10 Pick. 275. *Abbott* v. *Dexter,* 6 Cush. 109. *Heath* v. *Tenney,* 3 Gray, 381. *Smith* v. *Robinson,* 13 Met. 165. *Maynard* v. *Frederick,* 7 Cush. 250.

BIGELOW, J. The court of common pleas had no jurisdiction of the award in this case. It was not returned within the time limited by the submission, and the court had no authority to receive it afterwards. The filing of this award in the clerk's office within the year gives it no validity. By the express terms of a submission under the Rev. Sts. c. 114, § 2, it must be returned to the court. This can be done only at a term or session. *Eaton* v. *Framingham,* 6 Cush. 245. The clerk has no authority to receive it, nor are the parties required to take notice of the award, or any proceedings under it, except in court. This is

manifest from § 10 of the statute, which provides that it may be returned at any term or session within the time limited by the submission, during which parties are required to attend without notice. But after that time parties cannot be called on to answer to an award, nor can the court take cognizance of it.

This is not a case where any act of the parties can operate as a waiver, so as to give validity to the award. *Heath* v. *Tenney*, 3 Gray, 380. *Eddy's case*, 6 Cush. 28. The jurisdiction of the court depends on a strict compliance with the requisites of the statute. It is true that by § 6 it is provided that the time within which an award may be made and reported may be varied by the agreement of the parties. But a mere waiver of a right is not equivalent to an express agreement. Besides, this provision is intended only to enable parties to fix a longer or shorter time for the making and return of an award, than the term of one year prescribed in the form of submission in § 2. But it is clear that such variation cannot be made by parol. It would be contrary to the whole tenor of the statute to hold that so essential an element in the submission, as the time within which the arbitrators had authority to hear the parties, might be left to the vagueness and uncertainty of parol proof. We doubt very much whether any change in the time limited originally in a submission can be subsequently varied without an agreement in writing, and the formality of an acknowledgment before a justice of the peace. However this may be, it is clear that acts, which in ordinary cases might amount to a waiver of a right, cannot enable the court to take jurisdiction of an award, which, on its face, was not returned within the time required by law.

*Judgment for the defendants.*